## Rubin v. Pennsylvania Securities Commission.

*Benjamin Stenzler*, for petitioner.

*Michael E. Stroup*, Deputy Attorney-General, for Securities Commission.

WICKERSHAM, J., Dec. 31, 1929.—This is a petition by the plaintiff, alleging, *inter alia*, that his employers, Strabo V. Claggett & Co., Inc., of Boston, Mass., certified to the Pennsylvania Securities Commission that the plaintiff, being suitable, had been appointed agent or salesman for them and requested the defendant to register him as such; that the plaintiff filed with said certificate his sworn statement, as required by the Securities Act; that he appeared before the defendant commission, was interrogated, and that the commission declined to register him as an agent authorized to deal in securities; that under date of June 7, 1929, plaintiff's employers, Strabo V. Claggett & Co., Inc., wrote him that after June 15, 1929, he would no longer be associated with them because the defendant refused to allow him to sell securities in Pennsylvania.

The plaintiff further alleges that no official notice was given him of the refusal of the defendant commission to register him as an agent until Aug. 28, 1929, and prays for reversal of said order of the commission rendered as under date of May 8, 1929.

The defendant appeared and filed an answer, alleging, *inter alia*, that Strabo V. Claggett & Co., Inc., a registered dealer in securities, by whom application was made for the registration of the plaintiff, M. P. Rubin, as a salesman, was advised by the commission, by letter dated May 8, 1929, that the said application for registration was refused for the reason that the commission failed to find that the said M. P. Rubin, by reason of former violations of the Securities Act by him, was fit and qualified for registration; that no request for a rehearing was made at any time by Strabo V. Claggett & Co.,

Inc., the applicant; and no such request was made by the plaintiff until Sept. 6, 1929. That the decision of the commission is based on the record of this case after hearing held May 2, 1929, before the said commission, upon the application of Strabo V. Claggett & Co., Inc., for the registration of M. P. Rubin as a salesman, and that the order and decision of the commission is in accordance with the weight of the evidence and in conformity with law; that no appeal has been taken by the applicant, Strabo V. Claggett & Co., Inc., whose application for the registration of M. P. Rubin as its salesman was refused; furthermore, that the petitioner, M. P. Rubin, is not a proper party to appeal from the decision of the commission refusing the application of Strabo V. Claggett & Co., Inc., for his registration as a salesman; that the plaintiff may not file such an application for registration with the commission, and is not a party to the present application for his registration; and, although the plaintiff had notice of the refusal of the commission to register him as a salesman upon the application of Strabo V. Claggett & Co., Inc., this appeal has not been taken by him either within thirty days after the order of refusal by the commission, as prescribed by the act of assembly, or within thirty days of the time he had actual and constructive notice of the order of the commission refusing him registration as aforesaid. The commission prays that the appeal be dismissed at the cost of the petitioner.

This case came on to be heard before the court *in banc*, and after very careful consideration of the briefs of the parties, the oral arguments before the court *in banc*, and the evidence submitted at the hearing of the commission, we are of the opinion that the order of said commission refusing to register the plaintiff as an agent and salesman of the applicant, Strabo V. Claggett & Co., Inc., must be confirmed.

It must not be overlooked that the application of Strabo V. Claggett & Co., Inc., for the registration of the plaintiff as a salesman and agent was *not* the application of the plaintiff, but the application of a registered dealer under section 10 of the Securities Act, notifying the commission that it had appointed the plaintiff as an agent to transact its securities business in Pennsylvania, and requesting his registration as such. We are clearly of the opinion, therefore, that he was not entitled to notice that the appplication of his employer to have him registered as an agent had been refused. It was the clear duty of the commission to notify the employer that, for the reasons given in said notice, the commission did not consider him a fit person to be registered as its agent. The duty then shifted to the employer to notify the plaintiff, its employee, of the refusal, which was done. It is conceded that the plaintiff had this notice as early as June 7, 1929, as appears in paragraph 7 of plaintiff's petition. We think the plaintiff has no reason to complain, therefore, that an official notice was not served upon him. If he had been registered and his registration had been revoked by the commission, as provided in section 17 of the Securities Act of 1927, then he would be entitled to notice of such revocation. We are of the opinion, therefore, and so decide, that, in a case such as this, where the application of an employer, being a registered dealer, is made to the commission for the registration of an agent to act for it in Pennsylvania, and has been refused, notice to the employer of such refusal by the commission is all that is required by the said act.

We think the appeal was not taken within the time specified in section 19 of the Securities Act of 1927, which provides: "Any dealer, salesman, or agent, aggrieved by any decision of the commission, may file, within thirty days thereafter, in the Court of Common Pleas of Dauphin County, a petition against the commission, officially as defendant, alleging therein, in brief detail,

the action and decision complained of and praying for a, reversal thereof." The plaintiff admits in paragraph 7 of his petition that he had notice from his employer of the action of the commission refusing to register him as its agent on June 7, 1929. The petition for a reversal of the act of the commission was not filed with this court until Sept. 21, 1929. We think this is too late. We find, further, that the plaintiff has not alleged in his petition or in the testimony taken any legal reason why an appeal was not taken within thirty days from June 7, 1929, at which time he had notice from his employer of the adverse action of the commission. As we have before observed, he was not entitled to official notice from the commission, but he had actual notice from his employer, which we think was sufficient.

The applicant, Strabo V. Claggett & Co., Inc., did not appeal from the decision of the commission. We do not now decide whether the plaintiff, under the circumstances, was entitled to an appeal. Our present impression is that he was not, but a decision of this question is not vital to our conclusion in the instant case.

It is further contended by counsel for the plaintiff that "those sections of the Securities Act giving the commission the right to refuse to register salesmen and not providing for the right of judicial review are unconstitutional." This contention is in answer to the suggestion in the brief of defendant that an appeal from the action of the commission in the present case cannot be taken by the plaintiff. We cannot agree that the Securities Act of 1927 is unconstitutional. The said act is clearly an exercise of the police power of the Commonwealth of Pennsylvania. It does not take away the right of the citizen to earn a livelihood; it provides only what that citizen's qualifications shall be before being entitled to registration as an agent or as a dealer in securities in this Commonwealth. The plaintiff has no vested right to sell securities as an agent until he is registered so to do by the Pennsylvania Securities Commission. If he is so registered and his registration is revoked by the commission, the act then provides, in section 17, that he shall receive notice of such revocation, and he shall have the right to appeal to this court, as provided in section 19. The plaintiff's rights are fully protected when he is registered as a dealer in securities or agent; but until so registered he has no vested rights and can obtain none until he has established his right to be so registered as a dealer or agent. We think the act is constitutional, and this objection is overruled.

We think we might here rest our decision that the appeal of the plaintiff must be dismissed for the legal reasons above stated, but we are also of the opinion that the plaintiff's case is not sustained on its merits. The commission finds that M. P. Rubin is not of good repute, and that, by reason of his previous history, record and association in the securities business, as established by his own admissions, he is unfit and disqualified for registration as a salesman. With this conclusion we are in accord. Section 10 of the Securities Act of 1927 provides: "Upon written application by a registered dealer, and upon satisfactory evidence as to the *good repute, fitness,* and *qualification,* the commission shall register, as agents or salesmen of such dealers, such persons as the dealer may request." We think the term "good repute" means good character: Com. *v.* Davis, 3 Dist. R. 271, in which case the defendant was indicted for felonious rape under the Act of May 19, 1887, P. L. 128. Commenting upon the meaning of the words "good repute" in the act, it was said by President Judge Waddell, of the Court of Quarter Sessions of Chester County: "The Legislature meant to allow the defendant to show what the woman really was. This would establish her character. This character

514

might not be known to the public, and, hence, her reputation might be one thing and her actual character another."

We think this decision is applicable and controlling in the case at bar. The plaintiff may be of good repute with the banks and lawyers with whom he deals, but the commission must ascertain his real character as a salesman of securities by what he has actually done. He admitted in the testimony given before the commission on May 2, 1929, that on at least two occasions he was dealing in securities without being registered as an agent or dealer, in violation of section 3 of the Securities Act of 1927, which act he admits he read, and with the contents of which he was familiar. His explanation of this conduct did not satisfy the commission, nor does it satisfy us. He further admitted that in effecting an exchange of securities with a client he accepted from the client a division of the profits made by such transfer, which was unethical and wrong, as testified by another witness. As soon as he learned that his employer knew of this transaction, he returned the money to his client, which, in our opinion, was an admission that he knew it was wrong. Be that as it may, the commission has found the fact that he is not of good repute and that he is not a person of such fitness and qualification as would justify the commission to register him as an agent, under section 10 of the Securities Act of 1927. We think this finding of fact is amply supported by the weight of the evidence, and where the finding of fact of the commission is so supported, this court has no authority to overrule it.

For the reasons above given, the order of the Pennsylvania Securities Commission, denying the application of Strabo V. Claggett & Co., Inc., for the registration of M. P. Rubin, and refusing registration under said application, is hereby affirmed, and the petition of the plaintiff for a reversal of said action of the Pennsylvania Securities Commission is dismissed, at the cost of the plaintiff. Exception to the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.